UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HERBERT MAX BLAIN JR.,

                    Petitioner,                      Case No. 1:19-cv-463

v.                                                   Honorable Janet T. Neff

KEVIN LINDSEY,

                    Respondent.
_____/

## <u>OPINION</u>

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I.  Factual allegations

Petitioner Herbert Max Blain, Jr. is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan.  This is the second petition for habeas corpus relief that Petitioner has filed in this Court.  Petitioner's first habeas corpus petition was dismissed without prejudice for failure to exhaust state court remedies on April 2, 2018.  *Blain v. Nagy*, No. 1:18-cv-308 (W.D. Mich.).  Petitioner seeks to have the file from Case No. 1:18-cv-308 considered by this Court in reviewing Petitioner's instant habeas petition (ECF No. 9).  The Court grants his motion.

In the opinion dismissing that action, the Court summarized the facts as follows:

> On September 10, 2014, pursuant to a plea agreement under which two other offenses were dismissed, Petitioner pleaded guilty in the Barry County Circuit Court to the ten-year felony of operating a drug laboratory as a fourth-offense felony.  The plea agreement was conditioned on Petitioner's eligibility for the "swift and sure" sanctions program, and it included a provision entitling him to withdraw his guilty plea if he was not eligible for the program.  (Plea Hr'g Tr. #1, ECF No. 1-1, PageID.88-96.)
>
> On October 22, 2014, after it became apparent that Petitioner was ineligible for the "swift and sure" program, the trial court held a second plea hearing, at which Petitioner withdrew his plea to operating a drug laboratory, but pleaded guilty to the lesser charge of maintaining a drug house, Mich. Comp. Laws § 333.7405(D), as a fourth-offense felony offender, Mich. Comp. Laws § 769.12.  (Plea Hr'g Tr. #2, ECF No. 1-1, PageID.100-105.)  The second guilty plea was subject to a *Killebrew* agreement of five months in jail, for which Petitioner would begin earning credit immediately, as his parole hold had been released.  The agreement also waived the government's right to charge Petitioner for witness tampering.  (*Id.*, PageID.100-101.)  In addition, the plea agreement itself, which Petitioner signed, included a notice that, if he failed to follow the requirements of his bond or absconded, the court would not be bound by the terms of the sentencing agreement.  (Sentencing Hr'g Tr., ECF No. 1-1, PgeID.110-111.)  The sentencing hearing was scheduled for December 3, 2014.  (Plea Hr'g Tr. #2, ECF No. 1-1, PageID.105.)
>
> Petitioner, however, failed to appear for sentencing and absconded for nine months.  On September 16, 2015, the court held a sentencing hearing.  The court held that, because of Petitioner's decision to abscond, the court was not required to impose the negotiated sentence and did not intend to do so.  The court denied Petitioner's

motion to withdraw his plea, because he had lost the right to do so by absconding and he had not otherwise shown good cause for withdrawing the plea under the court rule. The court sentenced Petitioner above the guidelines range to a prison term of 10 to 15 years. (Sentencing Hr'g Tr., ECF No. 1-1, PageID.108-118.)

(No. 1:18-cv-308, ECF No. 7, PageID.164-165 (footnotes omitted).)

The Court further noted that in Petitioner's application for leave to appeal in the Michigan Court of Appeals, he raised two claims:

1. THE SENTENCE IMPOSED ON [PETITIONER], WHICH DEPARTED FROM THE APPLICABLE GUIDELINE RANGE, WAS UNREASONABLE, REQUIRING REMAND TO THE TRIAL COURT FOR RESENTENCING PURSUANT TO PEOPLE V LOCKRIDGE, 498 MICH 358 (2015).

2. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [PETITIONER'S] MOTION TO WITHDRAW GUILTY PLEA PRIOR TO SENTENCING IF THE COURT COULD NOT ABIDE BY THE KILLEBREW SENTENCE AGREEMENT.

(*Id.*, ECF No. 1-1, PageID.28, 32.) Leave to appeal was denied on January 13, 2016, for lack of merit in the grounds presented. (*Id.*, PageID.80.) The Michigan Court of Appeals denied reconsideration on February 22, 2016. (*Id.*, PageID.81.) On May 25, 2016, Petitioner's application for leave to appeal to the Michigan Supreme Court was held in abeyance pending resolution of two cases, apparently raising the same two grounds. (*Id.*, PageID.82.) On October 31, 2017, following resolution of the two cases, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. (*Id.*, PageID.83.) The Michigan Supreme Court denied Petitioner's motion for reconsideration on December 27, 2017. (*Id.*, PageID.84.)

Petitioner filed a motion for relief from judgment in the Barry County Circuit Court on or about January 26, 2018, raising the following five issues:

3. [PETITIONER'S] SENTENCE IS INVALID AS THE TRIAL COURT BASED ITS SENTENCE ON INACCURATE INFORMATION WITHIN THE PSIR.

4. THE MINIMUM SENTENCE IMPOSED, WHICH IS <u>74-MONTHS</u> MORE THAN THE MAXIMUM MINIMUM SENTENCE GUIDELINE, IS AN UNREASONABLE ABUSE OF DISCRETION AND VIOLATES THE [PETITIONER'S] CONSTITUTIONAL RIGHTS TO DUE PROCESS.

5. THE ELEMENTS FOR MAINTAINING A DRUG HOUSE WERE NOT MET, THEREFORE MAKING THE PLEA INVALID AND SUBJECT TO REMEDY BY THE COURT.

6. THE [PETITIONER] IS ENTITLED TO SPECIFIC PERFORMANCE OF THE PLEA AND SENTENCE AGREEMENT OR AN OPPORTUNITY TO WITHDRAW PLEA WHERE THE COURT FAILED TO KEEP THE KILLE[]BREW AGREEMENT PURSUANT TO SANTOBELLO –V- NEW YORK, 404 US 257.

7. [PETITIONER'S] STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS COERCED INTO TAKING A PLEA BECAUSE HIS ATTORNEY TOLD HIM THAT IF HE PLE[]D HE WOULD GET AT MOST A 5 MONTH MINIMUM SENTENCE, THAT THE KILLE[]BREW PLEA MEANT THE JUDGE COULD NOT GIVE HIM MORE JAIL TIME. HIS ATTORNEY WAS INEFFECTIVE.

(*Id*., ECF No. 1-1, PageID.46, 51, 56, 59, 63.) This motion was denied by the trial court on March 5, 2018, because the grounds raised were without merit and/or procedurally barred. (*Id*., PageID.77-79.)

Petitioner filed his first application for habeas corpus relief on March 15, 2018, in which he raised the two grounds presented on direct appeal, as well as the five grounds presented in his motion for relief from judgment in the Barry County Circuit Court. (*Id.* at ECF No. 1.) Therefore, the Court dismissed the petition as "mixed," noting that Petitioner had ample time in which to pursue his state-court remedies and return to this Court without running afoul of the statute of limitations. (*Id.* at PageID.171.)

Petitioner filed the instant application for habeas corpus relief on June 10, 2019. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities

for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner

placed his petition in the prison mailing system on June 6, 2019. (Pet., ECF No. 1, PageID.13.)

The petition raises all seven of the grounds raised in his previous habeas corpus

petition, as well as the following:

> 8. THE PROSECUTION FAILED TO FILE WRITTEN NOTICE OF HER
> INTENT TO SEEK ENHANCEMENT OF [PETITIONER]'S SENTENCE
> WITHIN 21 DAYS, WHICH IS A VIOLATION OF 769.13.
> [PETITIONER] MUST BE REMANDED FOR RESENTENCING
> WITHOUT HABITUAL OFFENDER ENHANCEMENT.

(Pet., ECF No. 1, PageID.6 and 7.) Despite Petitioner's assertion that he raised this claim in the

state courts, it is clear from the record that he did not raise it in his motion for relief from judgment

to the trial court.

## II.    AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of

1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'"

and ensures that state court convictions are given effect to the extent possible under the law. *Bell

v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a

person who is incarcerated pursuant to a state conviction cannot be granted with respect to any

claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based upon an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding."   28 U.S.C. § 2254(d). This standard is "intentionally difficult to

meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme

Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the

Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.    Sentencing issues

As noted above, in his first, third, and fourth claims for relief, Petitioner contends that he is entitled to resentencing pursuant to *People v. Lockridge*, 498 Mich. 358 (2015), because his sentence departed from the applicable guideline range and was unreasonable, because the minimum sentence imposed was longer than the "maximum minimum sentence guideline," and because it was based on inaccurate information within the PSIR.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not

review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

To the extent Petitioner intends to suggest that his sentence was disproportionate under *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990), or unreasonable under *People v. Lockridge*, 870 N.W.2d 502 (2015), he fails to raise a cognizable habeas claim. In *Milbourn*, the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). Moreover, "reasonableness" as contemplated by *Lockridge* is determined by inquiring whether the sentence was proportional under *Milbourn*. *People v. Steanhouse*, 902 N.W.2d 327, 329 (Mich. 2017).

It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See Wilson*, 562 U.S. at 5; *Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41. Thus, Petitioner's claim based on proportionality under *Milbourn* or reasonableness under *Lockridge* is not cognizable in a habeas corpus action.

In addition, to the extent that Petitioner asserts that his sentence was disproportionate under the Eighth Amendment, his claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*

*v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Petitioner also fails to demonstrate a due process violation. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d

140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence.  *Tucker*, 404 U.S. at 444, 447.

Although Petitioner makes a conclusory assertion that the sentencing court used inaccurate information in determining his sentence, he does not identify any facts found by the court at sentencing that were either materially false or based on false information.  Moreover, during sentencing, Petitioner, by his attorney, indicated that he had reviewed the PSIR and did not have any changes.  (No. 1:18-cv-308, ECF No. 1-1, PageID.77-78, PageID.109-114.)  Petitioner therefore fails to demonstrate that his sentence violated due process.  *Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court).

For the reasons set forth above, the state court's rejection of Petitioner's sentencing claims was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).

IV.     Plea issues

Petitioner's second, fifth, sixth, and seventh grounds all concern challenges to the validity of his guilty plea and the court's refusal to allow him to withdraw his plea.  In Ground II, Petitioner contends that he had a right under *People v. Killebrew*, 330 N.W.2d 834 (Mich. 1982), to withdraw his guilty plea if the court did not intend to follow the sentencing agreement. Relatedly, in Ground VI, Petitioner argues that he is entitled under *Santobello v. New York*, 404 U.S. 257 (1971), to either specific performance of the plea agreement or an opportunity to withdraw his plea.  Further, in Ground V, Petitioner asserts that the plea was invalid because the elements of the offense of maintaining a drug house were not supported by a sufficient factual

basis. Finally, in Ground VII, Petitioner argues that his plea was involuntary, because counsel rendered ineffective assistance by advising Plaintiff that he faced no more than a five-month sentence if he pleaded guilty under the agreement.

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claims do not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt. While courts may consider whether a factual basis for a guilty plea exists in their assessments of its validity, it has generally been held that the Constitution does

not require that they ensure such a basis exists. *See Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993) ("'Strong evidence of guilt' may suffice to sustain a conviction on an *Alford* plea, and may be essential under Rule 11 [of the Federal Rules of Criminal Procedure], but it is not necessary to comply with the Constitution.") (quoting *Alford*, 400 U.S. at 37); *see also Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citing *Higgason*, 984 F2d at 208); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977); *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971).

In order to find a constitutionally valid guilty plea, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state- induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have

available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

### A. Ground V: Factual Basis

In Ground V, Petitioner claims that his plea was invalid, because it was supported by an insufficient factual basis. The requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. While states are free to adopt procedural rules requiring a factual basis as Michigan has done in Mich. Ct. R. 6.610(E)(1)(a), the Federal Constitution does not mandate they do so. *See Alford*, 400 U.S. at 37-38; *Roddy*, 516 F.2d at 1385; *accord Meyers v. Gillis*, 93 F.3d 1147, 1152 (3d Cir. 1996); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc) (implicitly overruled on other grounds by *Custis v. United States*, 511 U.S. 485 (1994)). As a result, Petitioner's fifth habeas ground rests solely on state law.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*,

562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Moreover, even were Petitioner entitled to habeas review of his claim, he would not be entitled to relief, because the state court's determination that a factual basis existed to support the plea was patently reasonable. The pertinent Michigan statute, MCL 333.7405(1)(d), defines the crime of keeping or maintaining a drug house and provides that "[a] person shall not . . . [k]nowingly keep or maintain a store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place that is frequented by persons using controlled substances in violation of this article for the purpose of using controlled substances or that is used for keeping or selling controlled substances in violation of this article." Petitioner specifically admitted to each of the elements of maintaining a drug house during his plea hearings. (No. 1:18-cv-308, ECF No. 1-1, PageID.73-93, PageID.101-105.) In addition, Petitioner through counsel conceded on the record that the elements of the offense were met. After taking the factual basis for the plea, the court asked counsel, "have the elements of the offense been established?" (*Id.*, PageID.104.) Both defense counsel and the prosecutor answered in the affirmative. (*Id.*) Petitioner is bound by the admissions he made at the plea hearing. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).

For both reasons, Petitioner is not entitled to relief on his fifth habeas ground.

### B. Ground II: Right to Withdraw the Plea

Petitioner contends that he had a right under *People v. Killebrew*, 330 N.W.2d 834 (Mich. 1982), to withdraw his plea if the court determined that it would not impose the sentence contemplated by the plea agreement.

A state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). The only constitutional challenge that a habeas

court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). A habeas court is restricted to these federal principles and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *Wilson*, 562 U.S. at 5; *Bradshaw*, 546 U.S. at 76; *Estelle*, 502 U.S. at 67-68; *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991). Consequently, the question whether petitioner should have been allowed in the court's discretion to withdraw his guilty plea under state-court rules or case law is not reviewable in habeas corpus.

### C. Ground VI: Right to Specific Performance or Withdrawal of Plea

In his sixth habeas ground, Petitioner claims that he is entitled to specific performance of the plea agreement. Barring that, Petitioner states that he should have been allowed to withdraw his plea.

The Sixth Circuit has recognized that a state prosecutor's breach of a plea bargain is a violation of the federal constitution cognizable on habeas review. *Dixon v. Alexander*, 741 F.2d 121, 123 (6th Cir. 1984). The government may not openly breach a plea agreement. *See Mabry v. Johnson*, 467 U.S. 504, 509 (1984) ("[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand[.]"). As the Supreme Court stated in *Mabry*, "'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Id.* at 509 (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

Plea agreements are contractual in nature. In interpreting and enforcing them, courts use traditional principles of contract law. *See Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004) (citing *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)).

> One fundamental principle of contract interpretation is that "primary importance should be placed upon the words of the contract. Unless expressed in some way in the writing, the actual intent of the parties is ineffective, except when it can be made the basis for reformation of the writing." 11 Williston on Contracts § 31:4 (4th ed. 2000). Consistent with the principle articulated by Williston, this court has held that the state will be held to the literal terms of the plea agreement.

*Id.* (citing *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990)). The content of a plea agreement and what the parties agreed to is a question of fact. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002).

Petitioner claims that the court failed to comply with the plea agreement, which entitled him to withdraw his plea if the court declined to impose the agreed sentence. His claim is meritless. Petitioner utterly fails to recognize that he himself had already breached the plea agreement when he absconded for nine months. The plea agreement signed by Petitioner included a notice that the court would not be bound by the terms of the sentencing agreement if Petitioner failed to follow the requirements of his bond or absconded. (1:18-cv-308, ECF No. 7, PageID.164-165.) The plea form specifically stated, "If the defendant commits misconduct after the plea is accepted but before sentencing, the defendant is not entitled to withdraw the plea unless allowed by the court for good cause." (*Id.*, ECF No. 1-1, PageID.126.) For these reasons, the trial court held that it did not find good cause for Petitioner to withdraw his plea. (*Id.*, PageID.79, 126.)

Petitioner does not dispute that he absconded, and he does not contest the court's summary of the plea agreement. He therefore fails to overcome the presumption of correctness accorded the state court's factual findings, much less to do so by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis*, 658 F.3d at 531. Those facts demonstrate that the court did not

breach the plea agreement under *Santobello*, 404 U.S. at 262. Thus, it is clear from the record that the state court's rejection of this claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

### D. Ineffective assistance of counsel

In his seventh claim, Petitioner contends that his plea was involuntary, because his attorney improperly convinced him to accept the plea agreement by telling Petitioner that the agreement meant that he would get no more than a five-month minimum sentence. Petitioner argues that his attorney's advice constituted ineffective assistance of counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466

U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Petitioner's claim of ineffective assistance is completely baseless. Petitioner asserts that his attorney misled him with regard to the sentence he would receive under the *Killebrew* agreement and the plea he was entering. To the contrary, Petitioner's attorney properly advised Plaintiff that, under the plea agreement, Petitioner would be entitled to a five-month sentence—as long as Petitioner did not breach the agreement. The record reflects that, had Petitioner attended his original sentencing date, he would have benefited from the plea agreement. Instead, Petitioner breached the plea agreement when he absconded, and, under the terms of the agreement, Petitioner was no longer entitled to the benefit of the agreement. Petitioner's attorney is not responsible for Petitioner's failure to abide by the agreement. As a consequence, Petitioner cannot show that counsel rendered constitutionally deficient performance.

For these reasons, the state court's rejection of Petitioner's ineffective-assistance-of-counsel claim in Petitioner's motion for relief from judgment was not based on an unreasonable

determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).

V.    Unexhausted claim

As noted above, Petitioner failed to exhaust his eighth claim for relief by raising it in his motion for relief from judgment to the trial court.  In this claim, Petitioner asserts that the prosecutor violated state law when she failed to file a written notice of her intent to seek enhancement of Petitioner's sentence pursuant to Mich. Comp. Laws § 769.13.    However, the Court notes that a violation of the notice provisions of Mich. Comp. Laws § 769.13(1) is not a basis for habeas relief because, as previously discussed, a federal court may not grant habeas relief solely on the basis of a perceived error of state law.  *See Wilson*, 562 U.S. at 5; *Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41.  Therefore, this claim is properly dismissed for lack of merit.

**Conclusion**

In light of the foregoing, the Court will grant Petitioner's motion (ECF No. 9) to have the Court consider the record documents submitted by Plaintiff in Case No. 1:18-cv-308 and will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so

lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court will enter a judgment and order consistent with this opinion.

Dated:   November 4, 2019                          /s/ Janet T. Neff
                                                                  Janet T. Neff
                                                                  United States District Judge